UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>        Plaintiff,<br><br>vs.<br><br>CHAD PAGE, et. al,<br><br>        Defendants. | Case No. 1:20-cv-00146-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE: ACCESS TO COURTS CLAIMS** |

The Amended Complaint of Plaintiff Jody Carr was conditionally filed by the Clerk of Court due to his status as a prisoner. Dkt. 9. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. Regardless of payment of filing fee (here, Plaintiff has paid the fee and sought in forma pauperis status for the remainder of the case), all prisoner complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for

relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff brings 65 claims in his Amended Complaint. They are tied together loosely by threads of conspiracy and retaliation. Many are unrelated to each other, and many lack adequate factual support. To comply with General Order 342 and to further the goal of judicial efficiency by simplifying this litigation, the Court will order the Clerk of Court to sever some of Plaintiff's claims into different lawsuits, with the Amended Complaint filed as the operative pleading in each case, will all cases to remain with this Court for screening, rather than be randomly assigned among the judges.

This Initial Review Order addresses only the access to courts claims. Additional screening orders on Plaintiff's other claims will follow. The present case, No. 1:20-cv-00146-DCN, will be the vehicle for Plaintiff to present all remaining claims that are not addressed in separate screening orders.

## REVIEW OF AMENDED COMPLAINT

### 1. Case Management Plan and Requirements for Amendment

Plaintiff brings 14 access to courts claims (Claims 3(a) through (n)). All of them lack adequate factual support, and many of them are unrelated. If Plaintiff desires to proceed, he will be required to amend. To keep the claims that arise from different time periods and different incidents separate, and to help clarify the factual basis for each, the Court will order the Clerk of Court to open several new cases for the claims as set forth below.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Plaintiff will be required to follow these case management guidelines for each of his separate cases, including this one. Plaintiff is placed on notice that failure to follow these guidelines and failure to follow the Court's orders may result in dismissal of his cases with prejudice under Federal Rule of Civil Procedure 41(b), 28 U.S.C. § 1915A, or the Court's inherent authority to manage cases and regulate its docket.

The Court provides Plaintiff with the standard of law for access to courts claims. He has had one opportunity to amend. He will be provided a final opportunity to state the factual support for his claims in a second amended complaint, or the claims will be dismissed with prejudice.

    A.  No amended complaint may exceed 20 pages.

    B.  Amended complaints may not contain introductions, case citations, argument, statements that pleadings are made under "imminent danger," requests for temporary or preliminary injunction relief, or requests for judicial notice.

    C.  Each complaint must contain factual allegations that address every element of the claim asserted, according to the standard of law set forth below.

    D.  No new or additional claims or defendants may be added to any complaint.

    E.  No attachments may be submitted with any complaint unless the Court specifically orders Plaintiff to submit a particular attachment, and, in that case, only that particular attachment must be submitted.

**2.  Standard of Law for Access to Courts Claims**

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that, because

prisoners have a First and Fourteenth Amendment right to access the courts, prison officials must provide the means for them to prepare and file meaningful legal papers. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Court explained the limitations of the *Bounds* holding, in part, that prisons must provide aid to enable a "bring a court grievance" in his or her complaint, and not to "discover grievances" or "to litigate effectively once in court." *Id*. at 354.

In addition, *Casey* clarified that a prisoner must demonstrate that he or she suffered an *actual injury* as a result of the denial of access. *Id*. at 352-53. To show an actual injury, a plaintiff must adequately describe the claim that was hindered and allege facts that show it was actually hindered.[1] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). An access to courts claim must state facts meeting three essential elements:

(1) official acts frustrated the prisoner's litigation; (2) the prisoner lost a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint *with the level of detail being equal to the detail needed "if it were being independently pursued"*; and (3) specific allegations showing that the remedy sought in the access to courts claim is not otherwise available in a suit that could be brought in the future. *Id*. at 415-17 (italics added).

### 3. Claims 3(a) and (c): Defendants Lytle and Dietz Violated Plaintiff's Right to Access the Courts by Seizing his Legal Work on February 16, 2019

Plaintiff asserts that Defendants Lytle and Dietz seized Plaintiff's legal work on February 16, 2019, thereby violating his First and Fourteenth Amendment rights to access

---

[1] "Hindered claims" can be "forward-looking" claims (those for which an impediment must be removed to permit the plaintiff to proceed with a still-viable claim) or "backward-looking" claims (those now impossible to file, like a statute of limitations issue). *Id*. at 413-14.

the courts. Additional facts meeting the elements of an access to courts cause of action are needed. The Clerk of Court will be ordered to open a new case for Claims 3(a) and (c). Within 45 days after entry of this Order, Plaintiff must file one complete second amended complaint setting forth his claims arising from Lytle's and Dietz's actions on February 16, 2019.

No other claims may be included in the second amended complaint in the new case. For example, Claim 3(b), alleging existence of a conspiracy to deprive Plaintiff of his civil rights among prison officials and an inmate, Mr. Davis, may not be included in the new case, but will remain in this case.

4. **Claims 3(d), (f), (g): Defendants Cupp and Phillips Violated Plaintiff's Right to Access the Courts by Not Filing Plaintiff's State Habeas Corpus Petitions that He Submitted on March 17, 2019, and April 4, 2019**

Plaintiff submitted state habeas corpus petitions to prison legal resource center paralegal Defendant Cupp for filing with the state court on March 17, 2019, and April 4, 2019. It appears that Plaintiff desired to attach about 7,000 pages of exhibits to his petitions. Plaintiff alleges that, on April 11, 2019, Cupp came to his cell and returned both of his habeas petitions unfiled and unmailed. She said that Brett Phillips, the IDOC Legal Department Director, instructed her not to file them. She said that Phillips told her that Plaintiff had to file them as federal § 1983 complaints, not state habeas petitions. Phillips may have preferred Plaintiff to choose a federal civil rights case rather than a state conditions-of-confinement habeas corpus case because General Order 324, applicable only in federal court, requires prison officials to limit the length of pleadings and reject all but administrative exhaustion-related exhibits, so that the prison would not have to copy and

file Plaintiff's 7,000 pages of exhibits in state court.

Idaho prisoner habeas corpus actions are governed by Idaho Code §19-4205. A prisoner may complain that his conditions of confinement violate the state or federal constitution in a state habeas corpus action. I.C. § 19-4205(2)(a). The state habeas statute provides an alternative avenue for a prisoner to assert that his or her federal constitutional rights are being violated by the conditions of confinement.

Prisoners are free to choose either avenue, and prison officials may **not** dictate to a prisoner which alternative to pursue—federal or state relief. Prisoners have a constitutional right to access the courts, and prison officials should continue to file their pleadings when prisoners present them.

At the same time, it would be a rare day when 7,000 pages of exhibits to a prisoner (or to any) pleading would be considered reasonable. Prison officials may choose to place *reasonable* limitations on the use of public resources, including indigent paper, indigent copies, indigent stamps and mailing fees. *See, e.g., Gluth v. Kangas*, 773 F.Supp. 1309, 1312 (D. Ariz. 1988) (it is not acceptable to require an indigent prisoner to have to "choose between purchasing essential hygienic supplies and essential legal supplies"); *Cunningham v. Milusnic*, 2020 WL 2735403 (C.D. Ca. Feb. 4, 2020) (it is not enough to allege that a prison official denied a prisoner stamps, writing paper, and envelopes for access to the courts if the prisoner does not "set forth factual allegations showing that defendants' "acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.'" *Id.* at *5 (relying on *Casey*, 518 U.S. at 351 (punctuation altered)). A prisoner may challenge the prison's chosen limitations in an access to courts case—to the extent that he or she can

meet the elements of an access to courts claims. (An allegation that "I was prevented from filing a pleading" alone does not equal a win.)

Or, prison officials may choose to seek a court declaration or court-ordered implementation of a litigation management order governing future filings in state or federal court if a prisoner is abusing indigent privileges or access to the courts rights. The United States Court of Appeals for the Ninth Circuit Court observed:

> The Supreme Court has recognized that "every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of the [appellants'] frivolous requests . . . does not promote that end."
> *In re McDonald*, 489 U.S. 180, 184 (1989).

*In re Stephen Ullrich*, Case 17-80090 (9th Cir. 2017), Dkt. 2, p. 2. The same reasoning can be analogized to limited taxpayer-funded prison resources overseen by prison officials.

Returning to Plaintiff's particular allegations that prison officials tried to override his choice of the legal vehicle for his claims, the Court finds that Plaintiff's complaint lacks adequate factual allegations to state a claim. It is not clear from Plaintiff's amended complaint whether his state habeas corpus matters were later filed in state court, and, if so, what the outcome was. It is not clear whether the subject matter of both state habeas petitions was the same. Plaintiff will be required to specify the answers to these questions in his second amended complaint. Plaintiff also must clarify whether he is asserting the same claims and seeking the same relief in this federal civil rights action as he was seeking in his two state habeas corpus actions.

Plaintiff will be required to file a copy of each state habeas corpus petition with his second amended complaint in the new action. He may not, however, file any of his state habeas petition exhibits in this case at this time, but he should file an index of exhibits for each petition, identifying the title of each of the exhibits and the number of pages contained in each exhibit.

5. **Claim 3(e): Defendant Cupp Violated Plaintiff's Right to Access the Courts by Not Filing Plaintiff's PREA Letter on March 31, 2019; Defendant Page Violated Plaintiff's Right to Access to Courts on May 26, 2019, by not acting on the PREA Complaint**

Plaintiff alleges that Defendant Inmate James Davis sexually assaulted him in his cell on October 14, 2018, and January 7, 2019. On March 31, 2019, Plaintiff wanted to report the assaults through established prison PREA procedures. Plaintiff alleges that ISCC Paralegal B. Cupp refused to "file" his PREA Complaint letter with the Ada County Sheriff's Office on March 31, 2019. Plaintiff alleges that he mailed a letter and a complaint about the PREA issues to Defendant Chad Page on May 26, 2019, and received no response.

The Clerk of Court will be ordered to sever these claims and file the Amended Complaint as the operative pleading in a new case. Plaintiff must file an amended complaint, following the guidelines set forth above, within 45 days after entry of this Order.

Plaintiff must attach to the second amended complaint a copy of the PREA letter he gave to Defendant Cupp, all correspondence from the prison to Plaintiff about the PREA letter and the PREA situation (not to include correspondence from Plaintiff to the prison);

and a copy of the three-page letter and four-page complaint about the PREA issues that he mailed to Page.

6. **Claim (3)(l): Page Violated Plaintiff's Right to Access to Courts on June 19, 2020**

Plaintiff alleges that on June 19, 2019, Defendant Page violated Plaintiff's right to access the courts. The Clerk of Court will be ordered to sever this claim and file the Amended Complaint as the operative pleading in a new case. Plaintiff must file an amended complaint, following the guidelines set forth above, within 45 days after entry of this Order.

7. **Claim 3(m) and (n): Defendants Dietz and Nicodemus Violated Plaintiff's Right to Access to Courts by Withholding Plaintiff's Legal Work between June 12, 2019, and September 2019**

Plaintiff alleges that Defendants Dietz and Nicodemus violated Plaintiff's Right to Access the Courts between June 12, 2019 to September 2019, by refusing to give him his legal work the entire time he was in segregation. The Clerk of Court will be ordered to sever these claims and file the Amended Complaint as the operative pleading in a new case. Plaintiff must file an amended complaint, following the guidelines set forth above, within 45 days after entry of this Order.

8. **Remaining Access to Courts Claims**

Claims 3(b), (h), (j), and (k) are access to the courts claims that are related to Plaintiff's allegations of conspiracy, retaliation, and lack of due process. They will be addressed in a separate screening order in this case

**CLARIFICATION OF MAILING COSTS FOR VOLUMINOUS FILINGS**

Plaintiff has written a letter to the Court complaining that the prison paralegal

intends to require him to pay the copying and mailing cost of voluminous filings that do not fit within the Court's General Order 342, governing e-filing. If Plaintiff is indigent, according to the prison's definition (not this Court's definition), then he does not need to pay the copying and mailing cost. If Plaintiff is not indigent, he must pay the copying and mailing costs of voluminous filings that do not fit within the e-filing page limits.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court will sever the access to courts claims presented in this case into the new cases set forth above. The cases will be assigned to the undersigned judge, rather than randomly assigned among the judges. The Clerk of Court will provide notice to Plaintiff of the new case numbers.

2. Plaintiff must file a second amended complaint in each new case within **45 days** after entry of this Order.

3. Plaintiff is not authorized to not file anything further in any of the cases until the Court issues successive review orders in the cases.

4. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 6) is GRANTED.

5. Plaintiff's Motion for Appointment of Counsel (Dkt. 5) is DENIED without prejudice. The Court will revisit appointment of counsel after it has obtained more information about the subject matter of Plaintiff's claims, including information from Defendants.

6.  Plaintiff's Motion to Amend (Dkt. 4) is GRANTED, to the extent set forth

herein above.

DATED: June 12, 2020

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11